Per Curiam.

In this action for salary and breach of contract by a salesman against his employer, the plaintiff’s testimony is not only contrary to experience but it contradicts itself and the examination before trial. Certain inconsistencies were sought to be explained by suggestive questions on redirect examination and resulted in incredible claims. We do not seek to explain how the jury arrived at a verdict giving credit to every part of this testimony. But it cannot be allowed to stand.
In taking the action we do, we are well aware of the credit to be given to a determination of a disputed issue by the designated trier of the facts. However that credit does not amount to an obligation to accept the result regardless of the character of the testimony. It is the law today as it has been during the entire period that we have enjoyed rules of procedure that an appeal is allowable from a verdict which is against the weight of credible evidence. Blind acceptance of verdicts would nullify these statutory provisions. A verdict based on evidence fairly susceptible of two different conclusions must be accepted without regard to which conclusion would appeal to the appellate Bench. But every appellate court with jurisdiction to pass on the weight of evidence has a duty to examine that evidence. An error in regard to the facts is just as amenable to correction as one in regard to the law and it is a breach of duty to avoid it. It would, of course, lighten the task of the appellate Judge if verdicts were declared inviolate and the weight of the evidence relegated to the limbo inhibited by empty phrases. However until the Legislature so enacts, we must, within our limitations seek to obtain a result correct not only in form but in fact.
*731 The judgment should be reversed and a new trial ordered, with $30 costs to appellant to abide the event.